# COMMON PLEAS.

RICHARD A. HENNESSY *et al.* agt. WARD WHEELER *et al.*

*Protection of a trade mark by a court of equity.*

In the cases in which the equitable power of granting injunctions against infringers upon trade marks have been applied for, that remedy has been uniformly denied when the trade mark claimed was in any respect of a false or deceptive character, as in this case, on the part of the plaintiffs. So, also, where the mere trade mark in itself would have been protected but for its being accompanied by false or exaggerated statements intended or calculated to deceive the public as to the character of the article offered for sale.

A court of equity is in no respect to be made subsidiary to any scheme of fraud or deception to which the trade mark is but used as a vehicle. The ground for its jurisdiction is the promotion of honest and fair dealing.

Where the evidence shows that the plaintiffs' trade mark sought to be established and enforced is uniformly used by them in aid of false representations; that the bottles of brandy, the sale of which it is designed to protect, contained neither a quart nor pint, and that such bottles are so deceptively cast, and are offered for sale, so falsely to represent quart and pint bottles of brandy.

*Equity Term, January,* 1876.

*Wm. J. Osborne,* for plaintiffs.

*Wm. H. Arnoux,* for defendants.

ROBINSON, *J.* — In the case presented by the plaintiffs it is distinctly alleged that the trade marks in question are only. used on quart and pint bottles. The proofs show that this is untrue, and that the trade mark sought to be established and

enforced is uniformly used in aid of false representations; that the bottles of brandy, the sale of which it is designed to protect, contain neither a quart or pint, and that such bottles are so deceptively cast, and are offered for sale so falsely to represent quart and pint bottles of brandy. This certainly does not present a case where the plaintiffs come into court with clean hands or with language free from deceit or tricks of trade on their part. Assume, even, that the purchaser or some mass of the purchasers of the article become such with full knowledge of this deficiency in the quantity of the article as represented by the quart or pint bottles, it cannot be questioned that the deceit is designed for the purpose of effecting sales of the article to the great mass of purchasers, under the false impression, created by the designation of the bottles, that they contain the quantity of the article represented by the so-called quart or pint bottles. In the cases in which the equitable power of granting injunctions against infringers upon trade marks have been applied for, that remedy has been uniformly denied when the trade mark claimed was in any respect of a false or deceptive character (*Pidding* agt. *How*, 8 *Simons*, 477; *Perry* agt. *Truefit*, 6 *Beavan*, 66; *Flavel* agt. *Harrison*, 10 *Hare*, 467 ; *Partridge* agt. *Menck*, 1 *How. App. Cas.*, 558; *Phalon* agt. *Wright*, 5 *Penn.*, 464; *Fetridge* agt. *Wells*, 13 *How.*, 385; *Palmer* agt. *Haynes*, 60 *Penn.*, 166). So also where the mere trade mark in itself would have been protected but for its being accompanied by false or exaggerated statements intended or calculated to deceive the public as to the character of the article offered for sale (*Phalon* agt. *Wright*, 7 *Phila. C. P.*, 176; *Towle* agt. *Spear*, 7 *Penn. L. J.*, 176; *S. C., L. R.* [*N. S.*], 130; *Heath* agt. *Wright*, 3 *Wall.*; *S. C., Am. T. M. Cas.*, 154; *Smith* agt. *Woodruff*, 48 *Barb.*, 438; *Wolfe* agt. *Burke*, 56 *N. Y.*, 155).

In the *Leather Cloth Co.* agt. *The Am. Leather Cloth Co.* (11 *Jur.* [*N. S.*], 513), the lord chancellor says: " But when the owner of the trade mark applies for an injunction to

restrain the defendant from injuring his property, by making false representations to the public, it is essential that the plaintiff should not in his trade mark, or in the business connected with it, be himself guilty of any false or misleading representation. For, if the plaintiff makes any materially false statement in connection with the property which he seeks to protect, he loses the favor of justice and his right to claim the assistance of a court of equity.

While countenance has been given by no court of equity to upholding any trade mark which, though ostensibly fair and innocent, is yet attended by disingenuous or deceptive concomitants to which it is designed to give aid or effect, the cases all speak in but one language: that the aid of the court of equity is in no respect to be made subsidiary to any scheme of fraud or deception to which the trade mark is but used as a vehicle or Trojan horse.

There are some cases sustaining the trade mark wherein it has been held that the terms implied, though not strictly true, such as "patent eureka shirts," "patent thread," "patent solid headed pins;" and such use of the word patent on an article not patented in such connection were yet of so innocent a character that it was not likely to carry any deception to the public. But even in this the same courts subsequently expressed qualifications. The precise question presented in this case as to the effect of a systematic and intentional short measure or false representation of the quantity, attending the trade mark which it is designed to protect or give effect to, does not appear to have been brought to the attention of the court; but in my opinion, it manifestly comes within the principle before asserted in *Lee* agt. *Haley* (5 *L. R.*, *C. A. C.*, 155), where the trade mark claimed was " The Guinea Coal Company " representing that the plaintiff's business was selling Wallsend coal for a guinea a ton, lord justice GIFFORD says : " Now as to the short weight, if the plaintiff had been systematically and knowingly carrying on a fraudulent trade and delivering short weight, it is certain that this court would

not interfere to protect them in carrying on their trade" (*Upton on Trade Marks*, 43).

In the justice and propriety of this observation (of *Upton*), so far as they have application to the question under consideration, I concur, and regard them as fully warranted · by the uniform spirit of the cases above cited as all others defining the principles upon which the powers of a court of equity can be invoked to protect any right to a trade mark beyond such as would be recognizable at common law. That principle is, that " he who hath committed iniquity shall not have equity." The ground for the jurisdiction is the promotion of honest and fair dealing. It is not necessary to the defense that it should appear that any one had been actually deceived or defrauded. It is enough that the misrepresentation is such that it is calculated to have that effect upon the unwary and unsuspicious. The rule of *caveat emptor* may prevail in a court of law, but does not commend itself to any favor in a court of equity.

The complaint in each case dismissed, with costs.